RANDY RENICK (CA Bar No. 179652)
CORNELIA DAI (CA Bar No. 207435)
SARAH CAYER (CA Bar No. 334166)
**HADSELL STORMER RENICK & DAI LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Email: rrr@hadsellstormer.com
Email: cdai@hadsellstormer.com
Email: scayer@hadsellstormer.com

*Counsel for Plaintiff*

[*Additional Counsel on next page*]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Melina Baltazar, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Revolve Group, Inc.,<br><br>Defendant. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Christian Levis (*pro hac vice* forthcoming)
Amanda G. Fiorilla (*pro hac vice* forthcoming)
Michi Rodriguez (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
Email: clevis@lowey.com
Email: afiorilla@lowey.com
Email: mrodriguez@lowey.com

Anthony M. Christina (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Telephone: (215) 399-4770
Facsimile: (914) 997-0035
Email: achristina@lowey.com

Plaintiff Melina Baltazar ("Plaintiff"), individually and on behalf of all others similarly situated, asserts the following against Defendant Revolve Group, Inc. ("Revolve" or "Defendant") based on personal knowledge, where applicable, information and belief, and the investigation of counsel.

## INTRODUCTION

1. Plaintiff brings this class action lawsuit individually and on behalf of all persons who entrusted Defendant with sensitive Personally Identifiable Information ("PII" or "Private Information") and who were impacted in a data breach (the "Data Breach" or the "Breach").

2. Plaintiff's claims arise from Defendant's responsibility and failure to properly secure and safeguard Private Information that was entrusted to it.

3. Defendant is a retail merchant that specializes in fashion and apparel sales. Defendant is a Delaware corporation having its headquarters at 12889 Moore St., Cerritos, California, 90703.

4. Defendant had numerous statutory, regulatory, contractual, and common law duties and obligations, including those based on its affirmative representations to Plaintiff and Class Members, to keep their Private Information confidential, safe, secure, and protected from unauthorized disclosure or access.

5. On September 11, 2026, the intrusion began when unauthorized individuals gained access to Defendant's systems. Defendant did not discover the incident until September 29, 2026.

6. The investigation determined that an unauthorized third party accessed certain client data, including highly sensitive Private Information. The exposed data included names, contact and address information, and financial information such as credit card numbers, debit card numbers, and financial account numbers.

7. As a result of the Data Breach, the Private Information of

1,515,073 individuals was compromised. The sensitive nature of the data exposed signifies that Plaintiff and Class Members have suffered irreparable harm. Plaintiff and Class Members have lost the ability to control their Private Information and are subject to an increased risk of identity theft.

8. Defendant, despite having the financial wherewithal and personnel necessary to prevent the Data Breach, nevertheless failed to use reasonable security procedures and practices appropriate to the nature of the sensitive, unencrypted information it maintained for Plaintiff and Class Members, causing the exposure of Plaintiff's and Class Members' Private Information.

9. Defendant provided notice of the Data Breach to consumers on or about October 30, 2026, via a special website and U.S. Mail. Defendant also filed a report with the Texas Attorney General's office (Report No. BR-0005477) on October 29, 2026.

10. As a result of Defendant's inadequate digital security and notice process, Plaintiff's and Class Members' Private Information was exposed to criminals. Plaintiff and Class Members have suffered and will continue to suffer injuries, including financial losses caused by misuse of their Private Information; the loss or diminished value of their Private Information as a result of the Data Breach; lost time associated with detecting and preventing identity theft; and theft of personal and financial information.

11. Plaintiff brings this action on behalf of all persons whose Private Information was compromised as a result of Defendant's failure to: (i) adequately protect the Private Information of Plaintiff and Class Members; (ii) warn Plaintiff and Class Members of Defendant's inadequate information security practices; (iii) effectively secure hardware containing protected Private Information using reasonable and adequate security procedures free of vulnerabilities and incidents; and (iv) timely notify Plaintiff and Class Members of the Data Breach.

12. Plaintiff brings this action individually and on behalf of a Class of similarly situated individuals against Defendant for: negligence; negligence per se; breach of implied contract; and unjust enrichment.

13. Plaintiff seeks to remedy these harms and prevent any future data compromise on behalf of herself and all similarly situated persons whose Private Information was compromised and stolen as a result of the Data Breach and who remain at risk due to Defendant's inadequate data security practices.

## PARTIES

14. Defendant Revolve Group, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 12889 Moore St., Cerritos, California, 90703.

15. Plaintiff Melina Baltazar is a natural person and citizen of the State of Arizona, residing in South Tucson, Pima County, Arizona.

16. At all times relevant hereto, Plaintiff was a customer of Defendant and maintained an online customer account through Defendant's e-commerce platform, www.revolve.com, for the purpose of purchasing goods and accessing Defendant's services. In connection with creating and maintaining this account and making purchases, Plaintiff provided Defendant with her Private Information. Plaintiff entrusted this information to Defendant with the reasonable expectation that Defendant would implement adequate safeguards to protect it from unauthorized access, acquisition, and disclosure.

17. Plaintiff's Private Information was maintained in Defendant's possession, custody, or control and was allegedly compromised as a result of the Data Breach described herein. Plaintiff did not authorize the disclosure of her Private Information to unauthorized third parties.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) pursuant to the Class Action Fairness Act. The amount in

controversy exceeds $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and minimal diversity exists because Plaintiff is a citizen of Arizona and Defendant Revolve Group, Inc. is a citizen of Delaware and California.

19. This Court has personal jurisdiction over Defendant Revolve Group, Inc. because Defendant is headquartered in this District at 12889 Moore St., Cerritos, California, 90703, and conducts substantial business in California and this District. Defendant collects, stores, and processes the Private Information of Plaintiff and Class Members within this District.

20. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Specifically, the data breach affecting Plaintiff and Class Members originated from systems located in this District, and Defendant's failure to safeguard Private Information occurred while Defendant was operating in this District.

## FACTUAL BACKGROUND

21. Defendant Revolve Group, Inc., a business entity with its principal place of business at 12889 Moore St., Cerritos, California, 90703, operates a retail merchant business and maintains a vast database of personal information belonging to its customers and other individuals.

22. As a custodian of sensitive personal information, Defendant collected, stored, and processed data for approximately 1,515,073 individuals.

23. On or about September 11, 2026, a security incident occurred that compromised the integrity of Defendant's computer systems and the data stored therein.

24. Defendant discovered the security incident on or about September 29, 2026.

25. The security incident resulted in the unauthorized access to, and

potential acquisition of, the Private Information of Plaintiff and the proposed Class Members.

26. The Private Information exposed in this incident included, but was not limited to, the names of individuals, contact information, and financial information such as account numbers, credit card numbers, debit card numbers, and other financial account information.

27. The specific nature of the intrusion or the exact method by which the unauthorized third party gained access to Defendant's systems is not currently known.

28. Defendant provided notice of the incident to affected consumers on or about October 30, 2026.

29. Defendant reported the breach to the Texas Attorney General on October 29, 2026, under filing number BR-0005477.

30. Plaintiff and Class Members entrusted their Private Information to Defendant with the expectation that it would be kept secure and confidential.

31. The exposure of financial account numbers and card information creates a substantial risk of identity theft and financial fraud, as such data is frequently targeted by cybercriminals for the purpose of unauthorized transactions and the opening of new accounts.

32. Plaintiff and Class Members face a continuing risk that their compromised Private Information may be used for fraudulent purposes, sold on the dark web, or otherwise misused by unauthorized actors.

33. Plaintiff and Class Members have suffered, and will continue to suffer, the loss of privacy and the opportunity to control how their Private Information is used.

34. Plaintiff and Class Members have incurred, and will continue to incur, costs and time associated with monitoring their financial accounts and credit reports to detect and prevent potential identity theft and fraud.

35. Plaintiff and Class Members have experienced, and will continue to experience, emotional distress, anxiety, and fear regarding the misuse of their sensitive financial and personal data.

36. Defendant failed to implement adequate security measures to prevent the unauthorized access to Plaintiff's and Class Members' Private Information, despite knowing or having reason to know of the inherent risks associated with storing such data.

37. The specific security controls, policies, or procedures that Defendant failed to implement or maintain are not fully detailed in the available records, but the occurrence of the breach itself indicates a failure to reasonably safeguard the data entrusted to Defendant.

38. Plaintiff and Class Members were not provided with a mechanism to report any actual misuse of their data to Defendant, nor were they informed of any specific monitoring services or credit freezes provided by Defendant as a result of the breach.

39. Plaintiff and Class Members have been placed in a position where they must expend time and resources to protect themselves from the foreseeable consequences of the breach, including the potential for financial loss and identity theft.

40. The breach of Defendant's systems has caused widespread injury to Plaintiff and Class Members, who are now at risk of having their identities stolen and their financial accounts compromised.

**A. Continuing Exposure and Misuse Risks**

41. Plaintiff and Class Members face a continuing and heightened risk of fraud and identity theft because Defendant failed to adequately secure the Private Information entrusted to it. The unauthorized access to names and financial account information, including credit and debit card numbers, has placed this sensitive data in the hands of potential criminals who may exploit it

for years to come.

42. The exposure of financial account information creates a persistent threat of unauthorized transactions and account takeovers. Unlike non-sensitive data, compromised financial identifiers can be used immediately and repeatedly to defraud victims, and the risk of misuse does not diminish with the passage of time once the data has been exfiltrated.

43. Plaintiff and Class Members have been and will continue to be burdened with the necessity of monitoring their financial accounts and credit reports for signs of misuse. This ongoing obligation to vigilantly review statements, place fraud alerts, and potentially freeze credit accounts imposes a significant and continuing burden on their time and resources to mitigate the consequences of Defendant's security failures.

44. Furthermore, Defendant's failure to implement adequate safeguards means that the Private Information remains at risk of further unauthorized access or misuse. Until Defendant can demonstrate that it has fully remediated the vulnerabilities that allowed the breach, Plaintiff and Class Members remain subject to the imminent and continuing danger of financial harm and identity theft.

**B. Breach Notification, Timing, and Adequacy**

45. On September 11, 2026, a data breach commenced at Defendant Revolve Group, Inc., and the incident was discovered on September 29, 2026. Following this discovery, Defendant reported the breach to the Texas Attorney General on October 29, 2026, and published notice to affected individuals on October 30, 2026.

46. Defendant provided notice to 1,515,073 individuals, including 127,200 Texans, through a combination of U.S. Mail and a special website posted on Defendant's corporate domain. The notice disclosed that the breach involved the exposure of names and financial information, including credit card

and debit card numbers, though the specific content of the notice letter and any details regarding mitigation efforts offered to the affected individuals are not fully detailed in the available record.

### C. Data-Security Safeguards and Regulatory Expectations

47. An entity that handles sensitive personal information is expected to use reasonable administrative, technical, and physical safeguards appropriate to the nature and sensitivity of that information.

48. Plaintiff alleges that Defendant failed to maintain such reasonable safeguards, as evidenced by the exposure of names and financial information, including account or card numbers. This failure to implement adequate security measures regarding the protection of such sensitive data is unreasonable under the applicable standard.

### D. FTC Act Section 5 Theory

49. Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, declares unfair or deceptive acts or practices unlawful and empowers the Federal Trade Commission to enforce that prohibition against covered entities. This statutory framework establishes a governing expectation that entities maintain reasonable security measures to protect sensitive consumer information entrusted to them.

50. Plaintiff alleges that Defendant failed to implement adequate identity and access-management controls, resulting in the exposure of Private Information including names and financial information such as account or card numbers. This failure to safeguard such data constitutes an unfair practice under the standards set forth in 15 U.S.C. § 45.

## CLASS ALLEGATIONS

51. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), (b)(3), and/or (c)(4) as representative of the following class:

> All persons whose Private Information was compromised because of the Data Breach disclosed by Defendant on October 30, 2026 (the "Class").

52. Numerosity. The members of the Class are so numerous that joinder of all of them is impracticable. The exact number and identities of Class Members are unknown to Plaintiff at this time, as such information is in the sole possession of Defendant and ascertainable through its records. The Class comprises approximately 1,515,073 individuals.

53. Commonality. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. Common questions include whether Defendant failed to implement reasonable security measures to protect the Private Information of Class Members; whether Defendant's security practices were adequate to prevent the intrusion that occurred between September 11, 2026, and September 29, 2026; whether Defendant's notice to Class Members was timely and adequate under applicable law; and whether Defendant's conduct regarding the exposure of names and financial account information constitutes negligence or statutory violations.

54. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff's Private Information, including names and financial account information, was compromised in the Data Breach. Defendant's uniformly unlawful course of conduct, including its failure to secure sensitive data and its disclosure practices, injured Plaintiff and all Class Members in the same manner.

55. Adequacy of Representation. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class. Plaintiff has retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this

action, and Plaintiff and counsel intend to vigorously prosecute this action for the Class's benefit and have the resources to do so. Plaintiff and counsel have no interests adverse to those of the other members of the Class.

56. Predominance. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. The Class-wide issues regarding Defendant’s security failures, the scope of the breach, and the adequacy of notice are central to the resolution of this controversy. Individualized inquiries into the specific harm suffered by each Class Member are not necessary to resolve the common issues of Defendant’s liability and the scope of the breach.

57. Superiority. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each Class Member’s claim is impracticable. The damages, harm, and losses suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant’s wrongful conduct. Even if each Class Member could afford individual litigation, the Court system could not. It would be unduly burdensome if over 1.5 million individual cases proceeded. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

/ / /

/ / /

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**Negligence**

**(On Behalf of Plaintiff and the Class)**

58. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. Defendant owed Plaintiff a duty to exercise reasonable care in the collection, storage, processing, and safeguarding of Plaintiff's Private Information, including names and financial account and card numbers, given the foreseeable risks of cyberattacks and data breaches in the retail sector.

60. Defendant breached this duty by failing to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the sensitive personal information it possessed. Specifically, Defendant failed to adopt adequate measures to prevent unauthorized access to its systems during the intrusion window beginning on September 11, 2026, and continuing until the breach was discovered on September 29, 2026.

61. Defendant breached its duty by failing to provide timely and adequate notice to Plaintiff regarding the compromise of her Private Information. Although notice was eventually provided on October 30, 2026, via website posting and U.S. Mail, the delay between the discovery of the breach on September 29, 2026, and the notice date prevented Plaintiff from taking immediate precautions to mitigate potential fraud and identity theft.

62. Defendant's negligent conduct was the actual and proximate cause of the unauthorized disclosure of Plaintiff's Private Information, including names, credit card numbers, debit card numbers, and financial account information, to unauthorized third parties.

63. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and continues to suffer damages, including a substantial

and imminent risk of identity theft, the loss of the value of her Private Information, and the necessity of incurring time and costs to monitor her financial accounts and credit reports for unauthorized activity.

64. Defendant's negligent conduct is ongoing, as it continues to possess Plaintiff's Private Information in an unsafe and insecure manner, exposing Plaintiff to the continued risk of unauthorized access and misuse for years to come.

65. Plaintiff is entitled to compensatory and consequential damages resulting from the Data Breach, including the costs of credit monitoring, time spent mitigating the breach, and the present value of future identity defense services necessitated by the compromise of her Private Information.

66. Plaintiff is entitled to injunctive relief requiring Defendant to: (i) immediately strengthen its data security systems and monitoring procedures; (ii) submit to independent audits of its security practices; and (iii) provide adequate credit monitoring and identity defense services to Plaintiff and all Class Members.

**SECOND CLAIM FOR RELIEF**
**Negligence Per Se**
**(On Behalf of Plaintiff and the Class)**

67. Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

68. Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a)(1), prohibits unfair or deceptive acts or practices in or affecting commerce. The Federal Trade Commission ("FTC") has interpreted and enforced Section 5 to prohibit businesses from engaging in unfair practices involving the failure to implement reasonable and appropriate measures to protect consumers' sensitive personal and financial information.

/ / /

69. Pursuant to 15 U.S.C. § 45(n), an act or practice is unfair where it causes or is likely to cause substantial injury to consumers that consumers cannot reasonably avoid and that is not outweighed by countervailing benefits to consumers or competition.

70. As an online retailer that collects, maintains, and stores consumers' Private Information, including payment card information associated with customer accounts, Defendant is subject to the FTC Act and the data-security standards reflected in the FTC's enforcement of Section 5.

71. The FTC has consistently recognized that businesses collecting and maintaining sensitive consumer information must employ reasonable security measures appropriate to the nature and sensitivity of the information in their possession. Such measures include implementing appropriate access controls, monitoring systems for unauthorized activity, safeguarding stored payment information, and maintaining reasonable procedures to detect and prevent unauthorized access to consumer data.

72. Defendant violated Section 5 of the FTC Act by failing to implement and maintain reasonable measures to safeguard Plaintiff's and Class Members' Private Information against unauthorized access, acquisition, and disclosure. Defendant's conduct was particularly unreasonable given the sensitive nature of the financial information it collected and retained, the foreseeable risk of cyberattacks targeting online retail platforms, and the potential for substantial consumer harm resulting from the compromise of payment card information.

73. Specifically, Defendant acknowledged that an unauthorized actor gained access to certain of its systems and may have obtained, through automated means, customers' names, contact information, payment card numbers, and payment card expiration dates associated with saved payment information on Defendant's e-commerce platform. Upon information and

belief, Defendant failed to maintain adequate safeguards to prevent or detect unauthorized automated access to such information, thereby exposing Plaintiff's and Class Members' Private Information to unauthorized third parties.

74. Defendant's failure to maintain reasonable data-security practices constituted an unfair practice under Section 5 of the FTC Act because it caused or was likely to cause substantial injury to consumers, including exposure of sensitive financial information to unauthorized third parties and the resulting risk of financial fraud and misuse. Plaintiff and Class Members could not reasonably have avoided these injuries because Defendant maintained exclusive control over the security of its internal systems and stored customer information. The foreseeable injuries resulting from inadequate data security were not outweighed by any countervailing benefits to consumers or competition.

75. Plaintiff and Class Members are members of the class of persons that Section 5 of the FTC Act was intended to protect, namely, consumers whose personal and financial information is collected and maintained by businesses engaged in commerce.

76. The injuries suffered by Plaintiff and Class Members are of the type that Section 5 of the FTC Act was intended to prevent, including injuries resulting from unfair business practices that expose sensitive consumer information to unauthorized access, acquisition, and potential misuse.

77. Defendant's violations of Section 5 of the FTC Act support application of the doctrine of negligence per se under California Evidence Code § 669 and establish a basis for finding that Defendant failed to exercise the degree of care required under the circumstances.

78. Defendant's failure to comply with the applicable standard of care was a substantial factor in causing the Data Breach and the resulting injuries suffered by Plaintiff and Class Members, including (i) actual harm and identity

theft; (ii) a substantially increased risk of identity theft justifying expenditures for protective and remedial services; (iii) improper disclosure of their Private Information to unauthorized individuals; (iv) loss of confidentiality of their Private Information; (v) deprivation of the value of their Private Information, for which there is a well-established market; (vi) loss of the benefit of their bargain; and (vii) time and money incurred to mitigate and remediate the effects of the breach, , as more fully alleged herein.

79. Accordingly, Plaintiff invokes the doctrine of negligence per se as an additional basis for establishing Defendant's breach of its duty of reasonable care and seeks all damages and relief available under the underlying negligence cause of action.

## THIRD CLAIM FOR RELIEF
## Breach of Implied Contract
## (On Behalf of Plaintiff and the Class)

80. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. Plaintiff and Class Members entered into an implied contract with Defendant when they provided their Private Information to Defendant in exchange for Defendant's services, creating an expectation that Defendant would safeguard such information with reasonable care.

82. As part of this implied contractual relationship, Defendant owed Plaintiff and Class Members a duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the Private Information to protect it from unauthorized access, destruction, use, modification, or disclosure.

83. Defendant breached this implied contract by failing to implement and maintain reasonable security measures to protect the Private Information of Plaintiff and Class Members, resulting in the Data Breach.

84. The Data Breach exposed the Private Information of Plaintiff and Class Members, including names and financial information such as account numbers, credit card numbers, and debit card numbers.

85. Defendant breached its implied contractual duties by failing to provide timely and accurate notice to Plaintiff and Class Members that their Private Information was compromised.

86. As a direct and proximate result of Defendant's material breach of the implied contracts, Plaintiff and Class Members have suffered and will continue to suffer damages, including: (i) actual harm and identity theft; (ii) a substantially increased risk of identity theft justifying expenditures for protective and remedial services; (iii) improper disclosure of their Private Information to unauthorized individuals; (iv) loss of confidentiality of their Private Information; (v) deprivation of the value of their Private Information, for which there is a well-established market; (vi) loss of the benefit of their bargain; and (vii) time and money incurred to mitigate and remediate the effects of the breach.

87. Plaintiff and Class Members are entitled to compensatory and consequential damages suffered as a result of the Data Breach, including out-of-pocket expenses for credit monitoring, identity theft insurance, and time spent addressing the breach.

88. Plaintiff and Class Members are also entitled to injunctive relief requiring Defendant to: (i) strengthen its data security systems and monitoring procedures; (ii) submit to future annual audits of those systems and monitoring procedures; and (iii) continue to provide adequate credit monitoring to all Class Members.

89. Plaintiff and Class Members have no adequate remedy at law for the injuries sustained as a result of Defendant's breach of implied contract.

/ / /

## FOURTH CLAIM FOR RELIEF

**Unjust Enrichment**

**(On Behalf of Plaintiff and the Class)**

90. Plaintiff and Class Members reallege and incorporate by reference each and every allegation set forth above as though fully set forth herein.

91. Plaintiff and Class Members conferred a benefit upon Defendant by providing Defendant with their Private Information, including names, contact information, and financial account and card numbers, in exchange for Defendant's retail services.

92. Defendant appreciated, had knowledge of, and voluntarily accepted the benefits conferred upon it by Plaintiff and Class Members, specifically the receipt and retention of the Private Information described above.

93. Under principles of equity and good conscience, Defendant should not be permitted to retain the full value of Plaintiff's and Class Members' Private Information because Defendant failed to adequately protect such information from the Data Breach that commenced on September 11, 2026, and was discovered on September 29, 2026.

94. Plaintiff and the proposed Class would not have provided their Private Information to Defendant had they known that Defendant would not adequately protect their Private Information from unauthorized access and disclosure.

95. Defendant calculated to increase its own profits at the expense of Plaintiff and Class Members by utilizing security measures that were insufficient to prevent the Data Breach, thereby diverting funds that should have been spent on adequate data management and security controls.

96. Defendant has been unjustly enriched by its withholding and retention of the benefits derived from the misuse of Plaintiff's and Class

Members' Private Information, at the expense of Plaintiff and Class Members who suffered injury as a direct and proximate result of the Data Breach.

97. Equity and justice militate against permitting Defendant to retain these profits and benefits, particularly given the foreseeable consequences of a data breach involving sensitive financial data and Defendant's failure to implement industry-standard security measures.

98. Plaintiff and Class Members have no adequate remedy at law for the injuries suffered, as a judgment for monetary damages alone will not fully address the continued risk to their Private Information or the inequitable retention of benefits by Defendant.

99. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members seek an order directing Defendant to disgorge into a common fund or constructive trust, for the benefit of Plaintiff and Class Members, all unlawful or inequitable proceeds received by Defendant because of the Data Breach and the failure to protect Private Information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court:

A. Certify this case as a class action, and appoint Plaintiff as Class Representative and the undersigned attorneys as Class Counsel;

B. Enter judgment in favor of Plaintiff and the Class;

C. Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and Class Members, including reformation of practices and an accounting and purging of wrongfully obtained personal information;

D. Award all actual, general, special, incidental, statutory, and consequential damages and/or restitution to which Plaintiff and Class Members are entitled;

/ / /

E. Award disgorgement of monies obtained through and as a result of the wrongful conduct alleged herein;

F. Award Plaintiff and Class Members pre- and post-judgment interest as provided by law;

G. Enter such other orders as may be necessary to restore to Plaintiff and Class Members any money and property acquired by Defendant through its wrongful conduct;

H. Award Plaintiff and Class Members reasonable litigation expenses and attorneys' fees as permitted by law; and

I. Award such other and further relief as the Court deems necessary and appropriate.

Dated: November 4, 2026

Respectfully submitted,

By: *<u>/s/ Randy Renick</u>*

Randy Renick
Cornelia Dai
Sarah Cayer
**HADSELL STORMER RENICK & DAI LLP**

Christian Levis (*pro hac vice* forthcoming)
Amanda G. Fiorilla (*pro hac vice* forthcoming)
Michi Rodriguez (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**

Anthony M. Christina (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**

*Counsel for Plaintiffs and the Class*

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: November 4, 2026

Respectfully submitted,

By: /s/ Randy Renick

Randy Renick
Cornelia Dai
Sarah Cayer
**HADSELL STORMER RENICK & DAI LLP**

Christian Levis (*pro hac vice* forthcoming)
Amanda G. Fiorilla (*pro hac vice* forthcoming)
Michi Rodriguez (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**

Anthony M. Christina (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**

*Counsel for Plaintiffs and the Class*